USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12-4-19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
ADVANCE TRUST & LIFE ESCROW SERVICES, :
LTA, AS NOMINEE OF LIFE PARTNERS POSITION :
HOLDER TRUST, and JAMES KENNEY, on behalf of : Case No. 18-cv-03444 (PAC)
themselves and all others similarly situated, :
:
    Plaintiffs, :
:
    -against- :
:
PHL VARIABLE INSURANCE COMPANY, :
:
    Defendant. :
-----------------------------------------------------------------X

## STIPULATION AND SUPPLEMENTAL PROTECTIVE ORDER REGARDING THIRD-PARTY MILLIMAN, INC.'S MG-ALFA SOFTWARE

PAUL A. CROTTY, District Judge:

WHEREAS, on August 7, 2019, Plaintiffs Advance Trust & Life Escrow Services, LTA, as Nominee of Life Partners Position Holder Trust, and James Kenney ("Plaintiffs") filed a motion, Dkt. No. 106, seeking to compel non-party Milliman, Inc. ("Milliman") to produce actuarial software and models (the "Motion");

WHEREAS, on August 30, 2019, Milliman filed an opposition to the Motion;

WHEREAS, on September 10, 2019, Plaintiffs filed a reply in further support of the Motion;

WHEREAS, on October 31, 2019, this Court entered an order granting the Motion and requiring "Milliman, Inc. to provide Plaintiffs Advance Trust & Life Escrow Services, LTA, As Nominee of Life Partners Position Holder Trust, and James Kenney access to its MG-ALFA software under the same terms and conditions that were utilized in *Brach Family Foundation Inc., et al. v. AXA Equitable Life Insurance Company*, Case No. 16-cv-740 (JMF) (S.D.N.Y.)"; and

WHEREAS, pursuant to the October 31, 2019 order and without waiver of Milliman's right to appeal from the October 31, 2019 order at the appropriate time, the parties hereby stipulate and agree to resolve their dispute with respect to MG-ALFA and supplement the Stipulated Protective Order as follows:

It is hereby ORDERED:

1. <u>Definitions</u>

   a. "Plaintiffs" means Advance Trust & Life Escrow Services, LTA, as Nominee of Life Partners Position Holder Trust, and James Kenney.

   b. "Software" means machine-executable code, printed listings of code, source code, documentation and related information, as well as any algorithms, formulas, methods, concepts, program logic, program architecture and/or coding techniques, embodied in the code, listings, documentation and/or information.

   c. "Proprietary Software" means any and all computer programs, including, but not limited to, MG-ALFA, which are (a) marked or otherwise identified to the Plaintiffs as being proprietary to Milliman; and (b) are at any time delivered to the Plaintiffs on behalf, and with the authorization of Milliman; together with all Software comprising, associated with or relating to such programs.

   d. "Use" or "Used" means, with respect to machine-executable Software, (a) entering and/or storing any portion of the Proprietary Software into or in a machine; and/or (b) transmitting any portion of the Proprietary Software to a machine for processing; and/or (c) compiling, executing, translating or interpreting any code or machine instructions contained in the Proprietary Software in connection with executing such code or

2

instructions; and/or (d) displaying any of the Proprietary Software in connection with the processing of such code or machine instructions.

e. "Authorized User" means a person executing the Proprietary Software on behalf of the Plaintiffs.

f. "User Manual(s)" means those user manuals and documentation, in paper or electronic form, which accompany the Proprietary Software delivered to Plaintiffs by Milliman.

g. "Program Patches" mean minor corrections to the Proprietary Software to correct deviations in the Proprietary Software in order for the Proprietary Software to substantially conform to the User Manual(s) at the time of installation. Such Program Patches shall become part of the Proprietary Software.

h. "Program Updates" mean new versions of, or additions to, the Proprietary Software by Milliman which improve its operating performance but do not add to or alter its basic function(s). Such Program Updates shall become part of the Proprietary Software.

i. "Program Modifications" mean new versions of, or additions to, the Proprietary Software which, in Milliman's opinion, add to or improve the function(s) of the Proprietary Software, and new Software modules or products adapted to interact with the Proprietary Software to add to or improve the function(s) of the Proprietary Software. Milliman shall, at its sole discretion, determine what changes or additions to the Proprietary Software will be deemed Program Modifications, possibly requiring payment of additional fees.

2. Milliman will provide its Proprietary Software, MG-ALFA Version: 8.3.2236, to Plaintiffs to allow Authorized Users to Use the Proprietary Software to examine particular actuarial files provided to Plaintiffs in discovery in connection with this litigation.

3. Milliman's Propriety Software shall be deemed "Confidential" in accordance with Paragraph 3 of the Stipulated Protective Order and Confidentiality Agreement, Dkt. No. 64.

4. Plaintiffs shall request approval for each Authorized User from Milliman. Plaintiffs' request shall include each proposed Authorized User's current employment. In the event a proposed Authorized User is not employed by a firm that develops or sells competing software to MG-ALFA, Milliman's approval for such Authorized Users shall not be unreasonably withheld. In the event a proposed Authorized User is employed by a firm that develops or sells competing software to MG-ALFA, the parties agree to meet and confer in good faith about whether the proposed Authorized User is a competitor of Milliman and whether additional protections to Milliman are appropriate as to that Authorized User, including whether such proposed Authorized User should not become an Authorized User. Within 2 business days after Plaintiffs' request for approval of a proposed Authorized User, Milliman will notify Plaintiffs if it believes such proposed Authorized User is employed by a firm that develops or sells competing software to MG-ALFA, and what additional protections it believes are appropriate as to that proposed Authorized User. Within 3 business days thereafter, if the parties are not able to resolve any dispute with respect to such Authorized User, the parties will submit a joint letter to the Court to resolve the dispute with respect to such protections. Absent the mutual agreement of Milliman and the Plaintiffs, or leave of Court, Plaintiffs collectively will have no more than 15 Authorized Users at any given time. If Plaintiffs wish to change the Authorized Users, Plaintiffs shall, pursuant to the procedures and

requirements of this paragraph, request approval for such replacement Authorized Users from Milliman.

5. Authorized Users may Use the Proprietary Software solely at a Designated Site(s), which is limited to the offices of Plaintiffs' counsel and Authorized Users' offices, which will be identified along with Plaintiffs' request for approval for each proposed Authorized User.

6. Notwithstanding anything to the contrary in the Protective Order, Plaintiffs and the Authorized Users shall not allow any persons to Use the Proprietary Software other than the Authorized Users, or other Persons listed in Section 7 of the Stipulated Protective Order, Dkt. No. 64, who are acting under the direction and supervision of the Authorized Users. Other Persons listed in Section 7 of the Stipulated Protective Order, Dkt. No. 64, may observe the Use of the Proprietary Software by Authorized Users and view the results of the Use of the Proprietary Software by Authorized Users.

7. All Authorized Users shall sign an undertaking, in the form annexed as an Exhibit hereto, acknowledging receipt of the Stipulated Protective Order and this Stipulation and Supplemental Protective Order, and shall agree to abide by their terms.

8. Plaintiffs and the Authorized Users shall not decompile, translate, reverse engineer or generate source code with respect to the Proprietary Software, nor shall the Plaintiffs or Authorized Users knowingly assist or encourage any third party to commit such acts. In the event that the Plaintiffs or the Authorized Users become aware of any third party committing such acts, the Plaintiffs and the Authorized Users shall promptly notify Milliman of the pertinent facts concerning such acts. In the event the Plaintiffs or the Authorized Users decompile, translate, reverse engineer or generate source code with respect to the Proprietary Software, or the Plaintiffs or the Authorized Users knowingly assist or encourage any third parties to commit such acts,

Milliman retains its rights and remedies to claw back the Proprietary Software, require its deletion from the offending Plaintiff's/Plaintiffs'/Authorized User(s) hardware devices, and to obtain legal or equitable relief, including damages and/or injunctive relief.

9. Milliman shall make all reasonable efforts to provide the Authorized Users, in a timely manner, with any Program Patches that Milliman is aware are necessary to substantially conform the Proprietary Software to the User Manual(s) at the time of installation. Milliman shall provide to the Authorized Users, subject to the terms and conditions of this Stipulated Supplemental Protective Order, any Program Updates released to other licensees and deemed by Milliman to be relevant to the Proprietary Software.

10. Milliman shall provide to Authorized Users, via telephone or e-mail and during regular business hours, consultation regarding proper Use of the Proprietary Software in conformance with the User Manual(s).

11. Milliman is not obligated to (i) interpret program results, perform actuarial modeling work, or provide expert actuarial assistance to the Plaintiffs; (ii) assist with questions related to computer operating systems, computer hardware, and peripherals which are not related to the use of the Proprietary Software; (iii) perform data debugging and/or correcting; (iv) perform services necessitated as a result of any cause other than authorized and proper use by the Authorized Users of the Proprietary Software, including, but not limited to neglect, abuse, unauthorized modification, unauthorized maintenance, electrical fire, water or other damage; or (v) provide Program Modifications and consultations regarding Program Modifications.

12. Milliman will provide Authorized Users with 2 days of in-person training in the Use of the Proprietary Software. Such training, if feasible, will include a sample of 10 actuarial inputs from PHL Variable Insurance Company ("PHL"), subject to Paragraph 11 of this Stipulated

6

Supplemental Protective Order. Such training will be provided at a location mutually agreed to by the Plaintiffs and Milliman. Such training will be scheduled following the entry of this Stipulated Supplemental Protective Order and will be subject to the availability of Milliman personnel. Milliman's reasonable travel expenses for the training session will be reimbursed by the Plaintiffs whose Authorized Users participate in the training. Milliman will be reimbursed for its fees in accordance with Paragraph 13 of this Stipulated Supplemental Protective Order and for its reasonable travel expenses incurred in providing any additional training and support to Authorized Users.

13. The Plaintiffs will reimburse Milliman for its fees reasonably incurred in providing training and support services to Authorized Users, as well as other services that relate directly to the functionality of the Proprietary Software and are performed at the Plaintiff's/Plaintiffs' request. Plaintiffs agree to pay Milliman's current standard rates for MG-ALFA support and training that are in effect at the time such services are provided, which Milliman represents will not in this action exceed the hourly rate of $500 per person..

14. On a monthly basis, Milliman will provide Plaintiff(s) with a statement for all charges due. Statements will be made out to the particular Plaintiff(s) that has/have incurred the costs, and shall be sent to that Plaintiff's/those Plaintiffs' counsel of record. Payment shall be due within thirty (30) days of receipt of an invoice. Plaintiff(s) shall pay Milliman interest on amounts not paid and more than sixty (60) days past due at the rate of 1.5% per month or such lower rate as may be the maximum rate permitted by law. If Plaintiff(s) fails to pay, when due, any statement under this Stipulated Supplemental Protective Order, Milliman shall have the right to withhold services if such failure to pay is not remedied within fifteen (15) days of receipt of written notice of such failure by Plaintiff(s).

15. Plaintiffs shall erase the Proprietary Software from all of the Authorized Users' hardware devices used to operate the same no later than sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals.

16. After the final termination of this litigation, within sixty (60) days of receiving a request to do so by Milliman, Authorized Users shall provide Milliman with a sworn statement attesting to their compliance with the terms of this Stipulated Supplemental Protective Order, including a specific statement of compliance with paragraphs 6, 8, and 15.

17. The Court shall retain jurisdiction of any disputes concerning Milliman's compliance with the subpoena served on Milliman by Plaintiffs on December 7, 2018 and this Stipulated Protective Order, provided that with respect to any disputes arising out of any alleged breach of Paragraphs 6, 8, and 15 of this Stipulated Supplemental Protective Order by an Authorized User, Milliman retains its right, without prejudice to the rights of other Authorized User(s) to Use the Proprietary Software, to bring an action or claims in any available forum, for any and all available legal or equitable relief against the allegedly breaching Authorized User.

18. Nothing in this Stipulated Supplemental Protective Order shall constitute an admission as to the propriety of Plaintiffs' request for the Proprietary Software or a waiver of Milliman's or PHL's right to object to any other discovery on any grounds.

19. In the course of performing its obligations under this Stipulated Supplemental Protective Order—for example when Milliman is performing its obligations under Paragraphs 9, 10, and 12 of this Stipulated Supplemental Protective Order—Milliman may obtain information about the Use of the Proprietary Software by Authorized Users. Milliman agrees not to disclose such information to anyone other than the Plaintiffs and, specifically, agrees not to share such information with PHL.

20. The parties agree to meet and confer in good faith to resolve, subject to paragraph 11 and 13, any technical difficulties that may arise in making Use of the Proprietary Software to access, view, and use relevant financial modeling files and associated input data as they were maintained by PHL in the ordinary course of business, including difficulties in making Use of the Proprietary Software to reproduce PHL's modeling results.

SO STIPULATED AND AGREED:

Dated: November __, 2019

Dated: ~~November~~ December 3, 2019

SUSMAN GODFREY LLP

By: /s/ Michael Adamson
Seth Ard
Ryan Kirkpatrick
1301 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone: (212) 336-8330
Fax: (212) 336-8340
sard@susmangodfrey.com
rkirkpatrick@susmangodfrey.com

Steven G. Sklaver
Davida Brook
Krysta Kauble Pachman
Nicholas N. Spear
Michael Adamson
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Fax: (310) 789-3150
ssklaver@susmangodfrey.com
dbrook@susmangodfrey.com
kpachman@susmangodfrey.com
nspear@susmangodfrey.com
madamson@susmangodfrey.com

*Attorneys for Plaintiffs*

SO ORDERED.

New York, NY
December 4, 2019

K&L GATES LLP

By: /s/ Joanna A. Diakos
Joanna A. Diakos
Priya Chadha
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 536-3900
Fax: (212) 536-3901
joanna.diakos@klgates.com
priya.chadha@klgates.com

WILLIAMS, KASTNER & GIBBS PLLC

Christine J Lee, WSBA #44379
601 Union Street, Suite 4100
Seattle, WA 98101-2380
Telephone: (206) 628-6600
Fax: (206) 628-6611
rumberger@williamskastner.com
clee@williamskastner.com

*Attorneys for Non-Party Milliman, Inc.*

So ordered

/s/ Paul A. Crotty
USDJ

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ADVANCE TRUST & LIFE ESCROW SERVICES,　　　:
LTA, AS NOMINEE OF LIFE PARTNERS POSITION　:
HOLDER TRUST, and JAMES KENNEY, on behalf of　: Case No. 18-cv-03444 (PAC)
themselves and all others similarly situated,　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　Plaintiffs,　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　-against-　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
PHL VARIABLE INSURANCE COMPANY,　　　　　:
　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Defendant.　　　　　　:
-------------------------------------------------------------------X

## AGREEMENT TO BE BOUND BY STIPULATION AND SUPPLEMENTAL PROTECTIVE ORDER REGARDING THIRD- PARTY MILLIMAN, INC.'S MG-ALFA SOFTWARE

I, _____, acknowledge that I have read and understand the Protective Order in these Actions and the Stipulation and Supplemental Protective Order Regarding Third-Party Milliman, Inc.'s MG-ALFA Software ("Supplemental Protective Order"), and agree to be bound by their terms. By acknowledging these obligations under the Protective Order and Supplemental Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order or Supplemental Protective Order could subject me to punishment for contempt of Court and my violation of Paragraphs 6, 8, and 15 of the Stipulated Supplemental Protective Order could subject me to other remedies Milliman may pursue in any available forum, for any available legal or equitable relief.

Dated: _____　　　　　　_____