**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ADVANCE TRUST & LIFE ESCROW SERVICES, LTA, AS NOMINEE OF LIFE PARTNERS POSITION HOLDER TRUST, and JAMES KENNEY, on behalf of themselves and all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>PHL VARIABLE INSURANCE COMPANY, )<br><br>Defendant. ) | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED:__8/9/2023____<br><br><br>Case No. 1:18-cv-03444 (MKV) |

**ORDER APPROVING PRELIMINARY CLASS ACTION SETTLEMENT AND CERTIFYING CLASS**

WHEREAS, Class Counsel has applied for an order preliminarily approving the terms and conditions of the Settlement with Defendant PHL Variable Insurance Company ("PHL," or "Defendant"), as set forth in the Joint Stipulation and Settlement Agreement that is attached as Exhibit 2 to the Declaration of Seth Ard;

WHEREAS, this application is uncontested by Defendant; and

WHEREAS, this Court having considered the Agreement and Exhibits annexed thereto, Class Plaintiff's Motion for Preliminary Approval and Class Certification and all papers filed in support of such motion.

NOW, THEREFORE, pursuant to Federal Rule of Civil Procedure 23(e), it is hereby ORDERED that:

1.      The capitalized terms used herein shall have the meanings set forth in the Agreement.

2.      Pursuant to Rule 23(e)(1)(B)(i), the Court finds that it will likely be able to approve the Settlement under Rule 23(e)(2), and therefore preliminarily approves the Settlement as set forth in the Agreement, including the releases contained therein, as being fair, reasonable and adequate to the Settlement Class based on the relevant factors under Rule 23(e)(2) and *City of Detroit v. Grinnell Corporation*, 495 F.2d 448, 463 (2d Cir. 1974), subject to the right of any Settlement Class Member to challenge the fairness, reasonableness or adequacy of the Agreement and to show cause, if any exists, why a final judgment dismissing the Action against Defendant, and ordering the release of the Released Claims against Releasees, should not be entered after due and adequate notice to the Class as set forth in the Agreement and after a hearing on final approval.

3.      The Court finds that the Agreement was entered into at arm's length by highly experienced counsel with the assistance of a mediator and is sufficiently within the range of reasonableness that notice of the Agreement should be given as provided in the Agreement.

4.      The Court finds that the proposed plan of allocation, attached as Exhibit 3 to the Declaration of Seth Ard, is sufficiently fair and reasonable and that notice of the distribution plan should be given as provided in the Notice.

5.      Pursuant to Rule 23(e)(1)(B)(ii), the Court also finds that it will likely be able to certify the Settlement Class, consisting of "all owners of PAUL and PEL policies issued by PHL whose policies experienced an increase to the COI rate scales between (i) November 5, 2017 and (ii) the monthly deduction immediately preceding the policy's first policy anniversary date falling on or after January 1, 2021" for purposes of judgment on the proposal under Rule 23(b)(3).  For purposes of the Settlement and this Order, Class Policies excludes (i) Policy Nos. 97523677 and 97523828, which are owned by Conestoga Trust and Conestoga Trust Services, LLC and subject to separate litigation against PHL; and (ii) the policies included in Exhibit A to the Agreement, which have previously reached settlements with PHL.

6.      The Court finds that it will likely certify the class for purposes of judgment on the proposal because: (i) the Settlement Class is so numerous that joinder is impracticable; (ii) Plaintiff's claims present common issues that are typical of the Class; (iii) Plaintiff James Kenney and Class Counsel will fairly and adequately represent the Class; and (iv) common issues predominate over any individual issues affecting the Settlement Class Members.  The Court further finds that Plaintiff's interests are aligned with the interests of all other Settlement Class Members. The Court also finds that resolution of this action on a class basis for purposes of the Settlement is superior to other means of resolution.

7.      The Court hereby appoints Susman Godfrey L.L.P. as counsel to the Settlement Class for purposes of the Settlement, having determined that the requirements of Rule 23(g) of the Federal Rules of Civil Procedure are fully satisfied by this appointment.

8.      Plaintiff James Kenney will serve as representative of the Class for purposes of the Settlement.

9.      The Court appoints JND Legal Administration LLC ("JND"), which is a competent firm, as the Settlement Administrator.  The Settlement Administrator shall be responsible for receiving requests for exclusion from the Settlement Class Members.  Funds required to pay the Settlement Administrator may be paid from the Settlement Fund as they become due as set forth in the Agreement.

10.     As of the date hereof, all proceedings in the above-captioned actions shall be stayed and suspended until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Agreement.

11.     Pursuant to Rule 23(e)(1)(B), the Court directs that notice be provided to class members through the Notices, attached as Exhibits B-C to the Declaration of Gina M. Intrepido-Bowden (the "Intrepido-Bowden Declaration"), and through the notice program described in described in Paragraph 63 of the Agreement and Paragraphs 7-11 and 24-31 of the Intrepido-Bowden Declaration.  The Court finds that the manner of distribution of the Notices constitutes the best practicable notice under the circumstances, as well as valid, due, and sufficient notice to the Class, and complies fully with the requirements of Federal Rule of Civil Procedure 23 and the due process requirements of the United States Constitution.

12.     Upon entry of this Preliminary Approval Order, the parties shall begin implementation of the notice program as outlined in Paragraph 63 of the Agreement and Paragraphs 7-11 and 24-31 of the Intrepido-Bowden Declaration. Within fourteen days after the entry of this Order, Defendant will deliver a Notice List to the Settlement Administrator, which includes those individuals or entities, along with their last-known addresses, that are reflected in Defendant's records or the records of Defendant's third-party administrator as the last known policy owners of the policies in the Settlement Class.

13.     The Settlement Administrator will run an update of the last known addresses provided by Defendant through the National Change of Address database before initially mailing the Class Notice. If a Class Notice is returned to the Settlement Administrator as undeliverable, the Settlement Administrator will endeavor to: (i) re-mail any Class Notice so returned with a forwarding address; and (ii) make reasonable efforts to attempt to find an address for any returned Class Notice that does not include a forwarding address. The Settlement Administrator will endeavor to re-mail the Class Notice to every person and entity in the Notice List for which it obtains an updated address. If any Settlement Class Member is known to be deceased, the Class Notice will be addressed to the deceased Settlement Class Member's last known address and "To the Estate of [the deceased Settlement Class Member]." The mailing of a Class Notice to a person or entity that is not in the Settlement Class shall not render such person or entity a part of the Settlement Class or otherwise entitle such person to participate in this Settlement.

14.     A copy of the Notice shall also be posted on the Internet at a website address. Any Court-approved changes to the Agreement, the Exhibits thereto, or to any filings made in connection with the Agreement, may be posted to that website address, and by doing so, will be

deemed due and sufficient notice to Settlement Class Members in compliance with Due Process and Rule 23 of the Federal Rules of Civil Procedure.

15.     Any member of the Settlement Class may request to be excluded from the Class. To be effective, written notice must be postmarked no later than 45 days after the Notice Date as set forth in the Notice.  Exclusion requests must clearly state that the Settlement Class Member desires to be excluded from the Settlement Class, must identify the Policy(ies) to be excluded, and must be signed by such person or entity or by a person providing a valid power of attorney to act on behalf of such person or entity. A Settlement Class Member who owns multiple Policies may not request to exclude less than all Class Policies owned by that Settlement Class Member from the Settlement. A representative Owner may not request to exclude less than all policies held on behalf of any single principal, but an Owner who owns multiple Class Policies in a representative or agency capacity (such as a trustee, securities intermediary, or similar agency) for more than one principal may request to exclude Class Policies from the Settlement held on behalf of one principal while participating in the Settlement with respect to Class Policies held by other principals.

16.     Any Settlement Class Member that does not submit a timely, written request for exclusion from the Class in accordance with the foregoing paragraph shall be bound by all proceedings, orders, and judgments in the Action. A list reflecting all valid requests for exclusion shall be filed with the Court, by Class Counsel, prior to the Fairness Hearing.

17.     Settlement Class Members may object to this Settlement by filing a written objection with the Court and serving any such written objection on counsel for the respective Parties (as identified in the Class Notice) no later than 45 calendar days after the Notice Date. The objection must contain: (1) the full name, address, telephone number, email address, if any, of the Settlement Class Member; (2) Policy number; (3) a written statement of all grounds for the

5

objection accompanied by any legal support for the objection (if any); (4) copies of any papers, briefs, or other documents upon which the objection is based; (5) a statement of whether the Settlement Class Member intends to appear at the Fairness Hearing; and (6) the signature of the Settlement Class Member or his/her counsel. If an objecting Settlement Class Member intends to appear at the Fairness Hearing through counsel, the written objection must also state the identity of all attorneys representing the objecting Settlement Class Member who will appear at the Settlement Hearing. Settlement Class Members who do not timely make their objections as provided in this Paragraph will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

18.     The Court hereby schedules a Final Fairness Hearing to occur on **December 19**, 2023, at **10 am** before the Honorable Mary Kay Vyskocil in United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312, to determine whether (i) the proposed Settlement as set forth in the Agreement, should be finally approved as fair, reasonable and adequate pursuant to the Federal Rule of Civil Procedure 23(e)(2); (ii) the class shall be certified for purposes of judgment on the proposal, (iii) an order approving the Agreement and a Final Order and Judgment should be entered; (iv) an order approving a proposed plan of allocation should be approved; and (v) the application of Class Counsel for an award of attorneys' fees, expense reimbursements, and incentive awards ("Fee and Expense Request") in this matter should be approved.  All papers in support of any Fee and Expense Request shall be filed within 60 days of the date of this Order; all papers in support of the proposed distribution plan and all papers in support of final approval of the Settlement shall be filed within 90 days of the date of this Order; and all reply briefs in support of any motion for final approval shall be filed no later than 7 days before the Final Fairness Hearing,

and 103 days from the date of this Order.  No later than seven (7) days before the final fairness hearing, all other relevant reply papers shall be filed and served by the parties to the action.

19.     Neither this Order, the Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or Settlement is or may be used as an admission or evidence (i) of the validity of any claims, alleged wrongdoing or liability of Defendant or (ii) of any fault or omission of Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

20.     Neither this Order, the Agreement, the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement is or may be used as an admission or evidence that the claims of Class Plaintiff lacked merit in any proceeding.

21.     If the Settlement or the Agreement fails to be approved, fails to become effective, is terminated by PHL pursuant to Paragraph 54 of the Agreement, or otherwise fails to be consummated, or if there is no Final Settlement Date, then:  (i) the parties will be returned to status *quo ante*, as if the Agreement had never been negotiated or executed, with the right to assert in the Action any argument or defense that was available to it at that time.

22.     No later than ten (10) days after the Motion for Preliminary Approval of the Settlement has been filed with the Court, Defendant will serve the Class Action Fairness Act ("CAFA") Notice on the Attorney General of the United States and the state attorneys general as required by 28 U.S.C. § 1715(b).  Thereafter, Defendant will serve any supplemental CAFA Notice as appropriate.

ENTERED this  9th  day  August  of  2023 .

_Mary Kay Vyskocil_

Mary Kay Vyskocil
UNITED STATES DISTRICT JUDGE

The Clerk of Court respectfully is requested to terminate the motion at ECF 261.