UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/20/2023

PHT HOLDING I LLC, and JAMES KENNEY, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

PHL VARIABLE INSURANCE COMPANY,

    Defendant.

Case No. 1:18-cv-03444 (MKV)

**ORDER APPROVING CLASS ACTION SETTLEMENT AND
CERTIFYING THE SETTLEMENT CLASS**

WHEREAS Plaintiff James Kenney, on behalf of himself and all others similarly situated ("Plaintiff"), entered a settlement (the "Settlement," Dkt. 263-2) with Defendant PHL Variable Insurance Company ("PHL");

WHEREAS, on August 9, 2023, the Court entered its Order Approving Preliminary Class Action Settlement and Certifying Class (Dkt. 271) ("Preliminary Approval Order"). Among other things, the Preliminary Approval Order authorized Plaintiff to disseminate notice of the Settlement, the fairness hearing, and related matters;

WHEREAS on September 8, 2023, the approved short-form notice was mailed to Class members and the dedicated website for this Action was updated to include the approved long-form notice;

WHEREAS, no Class member objected to the Settlement by the deadline provided for in the Preliminary Approval Order;

WHEREAS, the Settlement requires, among other things, that all Released Claims against Released Parties be settled and compromised;

WHEREAS, this application is uncontested by Defendant; and

WHEREAS, this Court has considered Plaintiff's Motion for Final Approval and Class Certification, supporting declarations, oral argument presented at the fairness hearing, and the complete records and files in this matter.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED:

1. The capitalized terms used herein shall have the meanings set forth in the Settlement (Dkt. 263-2).

2. The Preliminary Approval Order outlined the form and manner by which Plaintiffs would provide potential Settlement Class Members with notice of the Settlement, the fairness

hearing, and related matters. Proof that Notice complied with the Preliminary Approval Order has been filed with the Court and is further detailed in the Motion for Final Approval and Class Certification and supporting documents. The Notice given to potential Settlement Class Members complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

3. The Court finds that the Attorney General of the United States and the state attorneys general have received notice of the Settlement in accordance with the terms of the Class Action Fairness Act, 28 U.S.C. § 1715(b). Dkt. 268.

4. The Settlement was attained following an extensive investigation of the facts. It resulted from vigorous arm's-length negotiations which were undertaken with the assistance of a mediator and in good faith by counsel with significant experience litigating class actions.

5. Pursuant to Federal Rule of Civil Procedure 23 and in light of the proposed Settlement, the Court certifies the Settlement Class, consisting of "all owners of PAUL and PEL policies issued by PHL whose policies experienced an increase to the COI rate scales between (i) November 5, 2017 and (ii) the monthly deduction immediately preceding the policy's first policy anniversary date falling on or after January 1, 2021" for purposes of judgment on the proposal under Rule 23(b)(3). For purposes of the Settlement and this Order, Class Policies excludes (i) Policy Nos. 97523677 and 97523828, which are owned by Conestoga Trust and Conestoga Trust Services, LLC and subject to separate litigation against PHL; (ii) the policies included in Exhibit A to the Settlement, which have previously reached settlements with PHL; and (iii) the 64 policies that submitted a timely and valid written request to be excluded from the Settlement Class. In

addition, excluded from the Settlement Class are (i) Class Counsel and their employees and (ii) the judge presiding over the Action and the staff and immediate family of such judicial official.

6. The Settlement is fully and finally approved because its terms are fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure, and the Court directs its consummation pursuant to its terms and conditions. In reaching this conclusion, the Court considered the four factors listed in Rule 23(e)(2) and the nine factors listed in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberg v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000).

7. In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the Class's reaction to the Settlement, and the result achieved. No objections to the Settlement or the plan of allocation were received or timely filed.

8. The Court reserves continuing and exclusive jurisdiction over the Settlement, including all future proceedings concerning the administration and enforcement of the Settlement as well as any supplemental application for reimbursement of costs or expenses incurred by Class Counsel or the Settlement Administrator on behalf of the Class.

9. PHL shall fund the Settlement Fund Account in accordance with the terms of the Settlement Agreement.

10. Neither the Settlement, nor any act performed or document executed pursuant to the Settlement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

11. The distribution plan, as described in the Motion for Final Approval and Class Certification and supporting documents, and previously preliminarily approved by the Court, is approved because it is fair, reasonable, and adequate.

12.     The parties shall submit a proposed final judgment consistent with the Settlement and this Order within seven days of entry of this Order.

SO ORDERED:

Entered this 20th day of December 2023.

*Mary Kay Vyskocil*
Mary Kay Vyskocil
UNITED STATES DISTRICT JUDGE

4